# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | FREDERICK J. KAPALA | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 50001 | **DATE** | February 19, 2008 |
| **CASE TITLE** | Tony E. Collier (#B-39900) vs. Officer McGuire, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's renewed motion for leave to proceed *in forma pauperis* [#6] is granted. The trust fund officer at the plaintiff's place of confinement is authorized and ordered to make deductions from the plaintiff's trust fund account for payment to the clerk of court in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the Dixon Correctional Center, 2600 N. Brinton Avenue, Dixon, Illinois 61021. The plaintiff's motion for appointment of counsel [#3] is granted. Rene Hernandez, Law Office of Rene Hernandez, 1625 East State Street, Rockford, Illinois 61104, (815) 387-0261 is appointed as counsel for the plaintiff. The warden having custody over the plaintiff is directed to make the plaintiff available at a designated Department of Corrections video conference facility to appear before Magistrate Judge Michael Mahoney for a status/settlement conference on March 28, 2008 at 10:30 a.m..

■ [**For further details see text below.**]   Docketing to mail notices.

## STATEMENT

The plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that an officer at the Dixon Correctional Center violated the plaintiff's constitutional rights by using unjustified force against him; the plaintiff additionally sues an Illinois Department of Corrections official for rejecting his ensuing grievance as untimely.

The plaintiff having shown that he is indigent, his motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $3.50. The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the plaintiff's trust fund officer is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name **(CONTINUED)**

mjm

**STATEMENT (continued)**

and the case number assigned to this action. This payment obligation will follow the plaintiff in the event of his transfer to another correctional facility.

Under 28 U.S.C. § 1915A, the court is required to conduct a prompt threshold review of the complaint. Here, accepting the plaintiff's allegations as true, the court finds that the complaint states a colorable cause of action under 42 U.S.C. § 1983. The "central question" in excessive force claims raised by prisoners is " 'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.' " *Fillmore v. Page*, 358 F.3d 496, 503 (7th Cir. 2004), *quoting Hudson v. McMillian*, 503 U.S. 1, 6 (1992). In making that determination, several factors are relevant, including the need for the application of the force and not excessive, the amount of force applied, the threat an officer reasonably perceived, the effort made to temper the severity of the force used, and the extent of the injury that force caused to an inmate. *Fillmore*, 358 F.3d at 504, *citing DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 1999). While a more fully developed record may establish that the defendant's resort to force was justified, Officer McGuire must respond to the plaintiff's allegations.

However, the complaint is dismissed as to Illinois Administrative Review Board official Sherry Benton. A prison official can be liable under 42 U.S.C. § 1983 for failing to respond to violations of a prisoner's constitutional rights that come to his or her attention via the grievance process. *See Vance v. Peters*, 97 F.3d 987, 993 (7th Cir. 1996); *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995); *Verser v. Elyea*, 113 F.Supp.2d 1211, 1215 (N.D. Ill. 2000) (Bucklo, J.). This, however, is a consequence of the official's duty under federal law to prevent and remedy constitutional violations, not a duty to respond to grievances. There is no constitutional right to an institutional grievance procedure. Illinois statutes and regulations establishing the Department of Corrections' grievance procedures neither create a liberty interest under the Fourteenth Amendment's due process clause, *Antonelli v. Sheahan*, 81 F.3d 1422, 1430-31 (7th Cir. 1996), nor, as discussed above, do they create a right to sue under state law. Benton was in no way responsible for the alleged use of excessive force; her denial of the plaintiff's subsequent grievance as untimely was not the cause of any injury. The plaintiff may proceed only against defendant McGuire, the officer accused of using unjustified force.

The plaintiff's motion for appointment of counsel is granted. Rene Hernandez, Law Office of Rene Hernandez, 1625 East State Street, Rockford, Illinois 61104, (815) 387-0261 is appointed as counsel for the plaintiff. Failure of the plaintiff to notify the court and counsel of any change in mailing address or telephone number may result in dismissal of this lawsuit with prejudice.

Within fifteen days of the date of this order, appointed counsel is directed, pursuant to the requirements of Rule 4(d)(2) of the Federal Rules of Civil Procedure, to notify the defendant of the commencement of the action and to request waiver of service of summons. The notices shall be directed to Officer McGuire at the Dixon Correctional Center, c/o Warden Nedra Chandler, Dixon Correctional Center, 2600 N. Brinton Avenue, Dixon, Illinois 61021.

**(CONTINUED)**

**STATEMENT (continued)**

The warden having custody over the plaintiff is directed to make the plaintiff available at a designated Department of Corrections video conference facility to appear before Magistrate Judge Michael Mahoney for a status/settlement conference on \.

It is further ordered that, on the status/settlement date above, the plaintiff shall be prepared to orally present a more definite statement, setting forth in detail the factual bases of his cause of action. *See Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). All or part of the plaintiff's case may be subject to dismissal if it appears that certain counts or claims do not have a basis in law or in fact. The defendant need not respond to the pending complaint until further order of the court.

It is further ordered that, fourteen days prior to the status/settlement conference date above, without awaiting a discovery request, the parties shall make the following initial disclosures:

A) The name of each person having discoverable information relevant to disputed facts alleged with particularity in the pleadings.

B) The defendant is ordered to produce copies of all documents contained in the medical file and master file (including investigation reports and incident reports), not privileged or protected from disclosure, relevant to disputed facts alleged with particularity in the pleadings. The plaintiff is ordered to produce copies of all documents in his possession that are relevant to disputed facts.

C) A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.

It is further ordered that defense counsel is hereby granted leave to depose the plaintiff at his place of confinement. Defense counsel shall issue the appropriate notice of deposition to plaintiff's counsel.