UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| TONY E. COLLIER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 08 C 50001 |
| | ) |
| OFFICER MCGUIRE, | ) |
| in his official and individual capacity, | ) |
| | ) |
| Defendant. | ) |

**FIRST AMENDED COMPLAINT**

**NOW COMES,** the Plaintiff, Tony E. Collier, by and through his attorney, Rene Hernandez of the Law Office of Rene Hernandez P.C., bringing forth this complaint pursuant to 28 U.S.C. § 1983 against the Defendant, Officer McGuire, and complains as follows:

**Introduction**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1343(3), 42 U.S.C. §1981, 42 U.S.C. §1983 and the Fourth (4), Eighth (8), and Fourteenth (14) Amendments.

2. Venue is proper for this action, in the Northern District of Illinois, Western Division, pursuant to 28 U.S.C. §1391(b), as the claim arose in this judicial district.

3. Plaintiff Tony Collier is a United States citizen, who is currently an inmate at the Pontiac Correctional Facility located in the City of Pontiac, County of Livingston, State of Illinois.

4. The Defendants Officer McGuire, worked for and is assigned to the Illinois Department of Corrections, Dixon Facility and is responsible for the acts complained of.

5. The Illinois Department of Correction's Facility is located in the City of Dixon, County of Lee, State of Illinois.

6. At all times relevant, Officer McGuire was an employee of the Illinois Department of Corrections and was acting under color of law.

7. Officer McGuire is being sued in his individual and official capacity.

## Facts

8. On or about September 6, 2006 the Plaintiff was incarcerated within the Illinois Department of Corrections, specifically at Dixon Correctional Center Special Treatment Center in Dixon, Illinois.

9. At or about 11 p.m. on September 6, 2006 the Defendant, Officer McGuire was doing the standard inmate count for the 11 p.m. hour.

10. While the Defendant Officer McGuire was doing the standard inmate count the Plaintiff respectfully requested that Officer McGuire contact Correctional Officer Johnson.

11. At that time Office McGuire informed the Plaintiff that Officer Johnson could not be reached because Officer Johnson was at the time collecting supplies.

12. At or around 12:30 a.m. of September 7, 2006, one hour and half after the initial request to the Defendant, the Plaintiff informed Officer McGuire that he was in need of his inhaler for his asthma condition.

13. Officer McGuire left the cell area of the Plaintiff and then came back to the cell location with the Plaintiff's inhaler.

14. Officer McGuire then gave the Plaintiff his inhaler through the food slot of the cell.

15. At this time the Plaintiff, Tony Collier, once again requested for the presence of Officer Johnson.

16. Officer McGuire refused to contact Officer Johnson and requested for the inhaler back.

17. The Plaintiff refused to give back the inhaler until Officer McGuire contacted Officer Johnson.

18. Officer McGuire then proceeds to yell and threaten the Plaintiff and stated "I'm not calling! No fucking way! Baby! If you don't give me that inhaler, I will come in there and get it myself!"

19. Officer McGuire then proceeded to radio the control officer in order to have the lights on and open up the cell where the Plaintiff was located.

20. Officer McGuire then entered the cell and proceeded to use unreasonable force by shoving the Plaintiff onto his bed, got on top of the Plaintiff, and began to punch the Plaintiff in the face and the chest in a malicious matter.

21. Eventually the Plaintiff was treated for the injuries he received.

22. As a direct and proximate result of the said acts of the Defendants, the Plaintiff, Tony Collier suffered the following injuries and damages:
    a) Violation of his constitutional rights under the Fourth (4), Eighth (8), and Fourteenth (14) Amendments to the United States Constitution to be free from an unreasonable search and seizure of her person and free from cruel and unusual punishment by excessive force;

B) Physical pain and suffering and emotional trauma and suffering.

23. The actions of the Defendant Officer McGuire violated the following clearly established and well settled federal constitutional rights of Tony E. Collier:

a) Freedom of unreasonable seizure of her person;

b) Freedom from the use of excessive, unreasonable, and unjustified force against her person.

c) The use of excessive force was not in good faith and done in a malicious and sadistic manner.

### COUNT I : 42 U.S.C. § 1983 Against Individual Defendants

24. Paragraphs 1 through 23 are incorporated herein by reference as though fully set forth.

25. Plaintiff Tony Collier claims damages for the injuries set forth above 42 U.S.C. § 1983 against Defendant Officer McGuire for violations of his constitutional rights under the color of law.

26. While Officer McGuire was attempting to regain control over the Plaintiff's inhaler he used excessive force in a malicious manner by pushing him on top of the bed and punching the Plaintiff multiple times in the face and chest area.

27. Plaintiff alleges that Defendant Officer McGuire acted in a malicious and sadistic manner and/or with a reckless disregard to the Plaintiff's civil rights.

28. Because the Plaintiff's actions did not warrant such excessive force from the Defendant, the Plaintiff's civil rights guaranteed under 42 U.S.C. § 1983 and under the Fourth (4), Eighth (8) and Fourteenth (14) Amendments of the United States Constitution were violated.

29. The Conduct of the Defendant Officer McGuire, in using such excessive force, demonstrates a complete, reckless, and utter disregard for the Plaintiff's civil rights as to warrant punitive damages against them.

### COUNT II: Assault and Battery by Officer McGuire

30. Paragraphs 1 through 29 are incorporated herein by reference as though fully set forth.

31. Defendant Officer McGuire assaulted and battered Tony Collier.

32. As a result of this assault and battery, Plaintiff Tony Collier suffered damages as aforesaid.

**WHEREFORE**, the Plaintiff requests that this Court award compensatory damages to the Plaintiff against the Defendant, in addition to punitive damages for the Defendant's malicious conduct, award costs of this action to the Plaintiff, award reasonable attorney's fees and costs to the Plaintiff, and award such other and further relief as this Court may deem appropriate.

Respectfully submitted,
Tony E. Collier, Plaintiff,

By: /s/ Rene Hernandez
Rene Hernandez, Attorney for Plaintiff

### PLAINTIFF DEMANDS TRIAL BY JURY

Law Office of Rene Hernandez, P.C.
1625 East State Street
Rockford IL, 61104
(815) 387-0261