IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| TONY E. COLLIER, | ) | |
| | ) | No. 08 C 50001 |
| Plaintiff, | ) | |
| | ) | Hon. Frederick J. Kapala |
| v. | ) | Judge Presiding |
| | ) | |
| OFFICER McGUIRE, in his official | ) | |
| and individual capacity, | ) | |
| | ) | |
| Defendant. | ) | |

**ANSWER TO PLAINTIFF'S COMPLAINT**

NOW COMES the Defendant Officer McGuire, by and through his attorney LISA MADIGAN, Attorney General of the State of Illinois, and for his Answer to Plaintiff's First Amended Complaint states the following:

**INTRODUCTION**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1343(3), 42 U.S.C. §1981, 42 U.S.C. §1983 and the Fourth (4), Eighth (8), and Fourteenth (14) Amendments.

**ANSWER:** **Defendant admits that this court has jurisdiction.**


2. Venue is proper for this action, in the Northern District of Illinois, Western Division, pursuant to 28 U.S.C. §1391(b), as the claim arose in this judicial district.

**ANSWER:** **Defendant admits that venue is proper.**


3. Plaintiff Tony Collier is a United States citizen, who is currently an inmate at the Pontiac Correctional Facility located in the City of Pontiac, County of Livingston, State of Illinois.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the above paragraph.**

4. The Defendant Officer McGuire, worked for and is assigned to the Illinois Department of Corrections, Dixon Facility and is responsible for the acts complained of.

**ANSWER:** **Defendant admits that defendant worked for and is assigned to work at Dixon Correctional Center, but denies the remaining allegations contained in the above paragraph.**

5. The Illinois Department of Correction's Facility is located in the City of Dixon, County of Lee, State of Illinois.

**ANSWER:** **Defendant admits the allegations contained in the above paragraph.**

6. At all times relevant, Officer McGuire was an employee of the Illinois Department of Corrections and was acting under color of law.

**ANSWER:** **Defendant admits the allegations contained in the above paragraph.**

7. Officer McGuire is being sued in his individual and official capacity.

**ANSWER:** **Defendant admits the plaintiff purports to bring this action against him in his individual and official capacity, but state that the official capacity claim is not proper in this court.**

**Facts**

8.     On or about September 6, 2006 the Plaintiff was incarcerated within the Illinois Department of Corrections, specifically at Dixon Correctional Center Special Treatment Center in Dixon, Illinois.

**ANSWER:     Defendant admits the allegations contained in the above paragraph.**

9.     At or about 11 p.m. on September 6, 2006 the Defendant, Officer McGuire was doing the standard inmate count for the 11 p.m. hour.

**ANSWER:     Defendant admits the allegations contained in the above paragraph.**

10.     While the Defendant Officer McGuire was doing the standard inmate count the Plaintiff respectfully requested that Officer McGuire contact Correctional Officer Johnson.

**ANSWER:     Defendant admits that one of his duties was to perform the inmate count but denies the remaining allegations contained in the above paragraph.**

11.     At that time Officer McGuire informed the Plaintiff that Officer Johnson could not be reached because Officer Johnson was at the time collecting supplies.

**ANSWER:     Defendant denies the allegations contained in the above paragraph, and further adds that Officer Johnson worked in a different wing.**

12.     At or around 12:30 a.m. of September 7, 2006, one hour and half after the initial request to the Defendant, the Plaintiff informed Officer McGuire that he was in need of his inhaler for his asthma condition.

**ANSWER:     Defendant admits that on or about the above time and date, Plaintiff informed Defendant McGuire that he was in need of his inhaler, but denies the remaining**

allegations contained in the above paragraph.

13. Officer McGuire left the cell area of the Plaintiff and then came back to the cell location with the Plaintiff's inhaler.

**ANSWER:** **Defendant admits the allegations contained in the above paragraph.**

14. Officer McGuire then gave the Plaintiff his inhaler through the food slot of the cell.

**ANSWER:** **Defendant admits the allegations contained in the above paragraph.**

15. At this time the Plaintiff, Tony Collier, once again requested for the presence of Officer Johnson.

**ANSWER:** **Defendant admits that Plaintiff requested the presence of Officer Johnson at that time, but denies the remaining allegations contained in the above paragraph, and further adds that Officer Johnson worked in a different wing..**

16. Officer McGuire refused to contact Officer Johnson and requested for the inhaler back.

**ANSWER:** **Defendant admits the allegations contained in the above paragraph, and further add Officer Johnson worked in a different wing. .**

17. The Plaintiff refused to give back the inhaler until Officer McGuire contacted Officer Johnson.

**ANSWER:** **Defendant admits the allegations contained in the above paragraph.**

18. Officer McGuire then proceeds to yell and threaten the Plaintiff and stated "I'm not calling? No fucking way! Baby! If you don't give me that inhaler, I will come in there and get it myself!"

**ANSWER:   Defendant admits that he informed Plaintiff that he had to return the inhaler and that other staff would not be contacted, and denies the remaining allegations contained in the above paragraph.**

19. Officer McGuire then proceeded to radio the control officer in order to have the lights on and open up the cell where the Plaintiff was located.

**ANSWER:   Defendant admits the allegations contained in the above paragraph.**

20. Officer McGuire then entered the cell and proceeded to use unreasonable force by shoving the Plaintiff onto his bed, got on top of the Plaintiff, and began to punch the Plaintiff in the face and the chest in a malicious matter.

**ANSWER:   Defendant admits that he entered the cell in order to retrieve the inhaler, but denies the remaining allegations contained in the above paragraph.**

21. Eventually the Plaintiff was treated for the injuries he received.

**ANSWER:   Defendant admits that Plaintiff was provided medical treatment after the incident.**

22. As a direct and proximate result of the said acts of the Defendants, the Plaintiff, Tony Collier suffered the following injuries and damages:

    a)    Violation of his constitutional rights under the Fourth (4), Eighth (8), and Fourteenth (14) Amendments to the United States Constitution to be free from an unreasonable search and seizure of her person and free from cruel and unusual

       punishment by excessive force;

    b)    Physical pain and suffering and emotional trauma and suffering.

**ANSWER:**    **Defendant denies the allegations contained in the above paragraph.**

    23.    The actions of the Defendant Officer McGuire violated the following clearly established and well settled federal constitutional rights of Tony E. Collier:

    a)    Freedom of unreasonable seizure of her person;

    b)    Freedom from the use of excessive, unreasonable, and unjustified force against her person;

    c)    The use of excessive force was not in good faith and done in a malicious and sadistic manner.

**ANSWER:**    **Defendant denies the allegations contained in the above paragraph.**

### COUNT I: 42 U.S.C. §1983 Against Individual Defendants

    24.    Paragraphs 1 through 23 are incorporated herein by reference as though fully set forth.

**ANSWER:**    **Defendant restates his answers to paragraphs 1-23 as though fully set forth.**

    25.    Plaintiff Tony Collier claims damages for the injuries set forth above 42 U.S.C. §1983 against Defendant Officer McGuire for violations of his constitutional rights under the color of law.

**ANSWER:**    **Defendant admits that Plaintiff brings claims pursuant to the 42 U.S.C. §1983, but denies violating any such rights.**

    26.    While Officer McGuire was attempting to regain control over the Plaintiff's

inhaler he used excessive force in a malicious manner by pushing him on top of the bed and punching the Plaintiff multiple times in the face and chest area.

**ANSWER:** **Defendant denies the allegations contained in the above paragraph.**

27. Plaintiff alleges that Defendant Officer McGuire acted in a malicious and sadistic manner and/or with a reckless disregard to the Plaintiff's civil rights.

**ANSWER:** **Defendant denies the allegations contained in the above paragraph.**

28. Because the Plaintiff's actions did not warrant such excessive force from the Defendant, the Plaintiff's civil rights guaranteed under 42 U.S.C. §1983 and under the Fourth (4), Eighth (8) and Fourteenth (14) Amendments of the Untied States Constitution were violated.

**ANSWER:** **Defendant denies the allegations contained in the above paragraph.**

29. The Conduct of the Defendant Officer McGuire, in using such excessive force, demonstrates a complete, reckless, and utter disregard for the Plaintiff's civil rights as to warrant punitive damages against them.

**ANSWER:** **Defendant denies the allegations contained in the above paragraph.**

### COUNT II: Assault and Battery by Officer McGuire

30. Paragraphs 1 through 29 are incorporated herein by reference as though fully set forth.

**ANSWER:** **Defendant restates his answers to paragraphs 1-29 as though fully set forth.**

31. Defendant Officer McGuire assaulted and battered Tony Collier.

**ANSWER:** **Defendant denies the allegations contained in the above paragraph.**

32. As a result of this assault and battery, Plaintiff Tony Collier suffered damages as aforesaid.

**ANSWER:** **Defendant denies the allegations contained in the above paragraph.**

WHEREFORE, the Plaintiff requests that this Court award compensatory damages to the Plaintiff against the Defendant, in addition to punitive damages for the Defendant's malicious conduct, award costs of this action to the Plaintiff, award reasonable attorney's fees and costs to the Plaintiff, and award such other and further relief as this Court may deem appropriate.

**ANSWER:** **Defendant denies the allegations contained in the above paragraph.**

## GENERAL DENIAL

**Defendant denies each and every allegation not specifically admitted herein.**

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

At all times relevant herein, Defendant acted in good faith and in furtherance of lawful objectives without violating Plaintiff's clearly established statutory or constitutional rights of which a reasonable person would have known. Defendant is therefore protected from suit by the doctrine of qualified immunity.

### Second Affirmative Defense

Plaintiff has not exhausted available administrative remedies as required by 42 U.S.C. 1997(e) and there fore, his complaint should be dismissed.

### Third Affirmative Defense

The plaintiff has not established facts sufficient to establish a constitutional violation.

### Fourth Affirmative Defense

The plaintiff has failed to state a claim upon which relief can be granted.

### Fifth Affirmative Defense

The plaintiff cannot show that he suffered the requisite physical injury as required by the Prison Litigation Reform Act, 42 U.S.C. Section 1997e(e).

Respectfully submitted,

LISA MADIGAN
Attorney General of Illinois          By:    s/James P. Doran
                                             JAMES P. DORAN
                                             Assistant Attorney General
                                             General Law Bureau
                                             100 W. Randolph St., 13th Fl.
                                             Chicago, Illinois 60601
                                             (312) 814-7202